IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 6:25-CR-266(1)-ADA** |
| § | |
| **SOREN MEYER** § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Soren Meyer's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

On March 21, 2023, SOREN MEYER was sentenced to a forty-one (41) month total term of imprisonment, followed by a three (3) year term of supervised release, for the crime of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Meyer's supervision began on September 12, 2025.

On October 23, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging Meyer violated the terms of his supervision in the following ways:

**Violation Number 1:** Meyer violated Mandatory Condition Number 1; he must not commit another federal, state or local crime.

**Violation Number 2:** Meyer violated Standard Condition Number 9; he must notify the probation officer within 72 hours of being questioned or arrested by a law enforcement officer.

**Violation Number 3:** Meyer violated Standard Condition Number 7; he must notify the probation officer within 72 hours of any change in employment.

On December 9, 2025, the Court held a hearing on the petition. At the hearing, Meyer pled **NO CONTEST** to Violation Number 1 and **TRUE** to Violation Number 2 two and Violation Number 3. The petition contained a sufficient factual basis to support a plea of **NO CONTEST** to Violation Number 1 and **TRUE** to Violation Number 2 two and Violation Number 3.

## II.  FINDINGS OF THE COURT

Based on Meyer's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Meyer violated the conditions of his supervision as alleged in the petition.

2. Meyer was competent to make the decision to enter pleas of **NO CONTEST** and **TRUE**.

3. Meyer had both a factual and rational understanding of the proceedings against him.

4. Meyer did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his pleas.

5. Meyer was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his pleas.

6. Meyer was sane and mentally competent to stand trial for these proceedings.

7. Meyer was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Meyer received a copy of the petition naming him, and he either read it or had it read to him.

9. Meyer understood the petition and the charges alleged against him.

10. Meyer had a sufficient opportunity to discuss the petition and charges with his attorney.

11. Meyer was satisfied with the job his attorney has done and had no complaints about his attorney.

12. Meyer understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. Meyer freely, intelligently, and voluntarily entered his pleas of **NO CONTEST** and **TRUE**.

14. Meyer understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Meyer's pleas of **NO CONTEST** and **TRUE**.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Meyer's supervised release be **REVOKED** and that he be sentenced to the following:

(1) a twenty-four (24) month term of imprisonment, including credit for any time already served since his arrest; and

(2) no period of supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of December, 2025.

DAN MACLEMORE
UNITED STATES MAGISTRATE JUDGE